IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01339-CMA-MJW

SHERLYN A. EDWARDS,

Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,

Defendant.

---

**RECOMMENDATIONS REGARDING
(1) DEFENDANT'S MOTION TO DISMISS OR FOR OTHER SANCTIONS OR DISCOVERY ORDERS PURSUANT TO F.R.CIV.P. [SIC] 37(D) (Docket No. 21)
and
(2) DEFENDANT'S MOTION FOR EXTENSION OF DEADLINES FOR COMPLETION OF DISCOVERY AND DISPOSITIVE MOTIONS (Docket No. 26)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion to Dismiss or for Other Sanctions or Discovery Orders Pursuant to F.R.Civ.P. [sic] 37(d) (docket no. 21). The court has reviewed the subject motion (docket no. 21) and the Defendant's Supplement to Motion to Dismiss or for Other Sanctions or Discovery Orders Pursuant to F.R.Civ.P. [sic] 37(d) (docket no. 23). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

2

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the pro se plaintiff has failed to respond to defendant's written discovery requests and advised defense counsel that she could not keep the March 16, 2009, date scheduled for her deposition;

5. That plaintiff also failed to respond to defense counsel's numerous attempts to confer with plaintiff about the discovery issues;

6. That plaintiff did not appear for deposition on March 16, 2009, and has not contacted defense counsel to discuss rescheduling the date;

7. That the discovery deadline in this case, as set in the Scheduling Order (docket no. 13), was April 2, 2009;

8. That on March 30, 2009, District Judge Arguello issued an Order to Show Cause directing the plaintiff, on or before April 15, 2009, to show good and sufficient cause in writing filed with the court why she has not responded to defendant's Motion to Dismiss and to defendant's discovery requests (docket no. 24);

9. That plaintiff was advised in the Order to Show Cause that "[f]ailure

3

to show good cause may result in Plaintiff's Amended Complaint being dismissed and other appropriate sanctions" (docket no. 24);

10. That plaintiff nevertheless has not filed a response to the Order to Show Cause;

11. That plaintiff's deadline to file a timely response to the defendant's Motion to Dismiss (docket no. 21) was March 25, 2009, but she has failed to file any response. The court thus deems the Motion to Dismiss (docket no. 21) confessed pursuant to Zinna v. The Board of County Com'rs of the County of Jefferson, 250 F.R.D. 527, 529 (D. Colo. 2007);

12. That while the court liberally construes liberally pro se pleadings, pro se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." Yang v. Archuleta, 525 F3d 925, 927 n. 1(10th Cir. 2008) (quoting Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994)). Furthermore, it is not the proper function of the district court to assume the role of advocate for the pro se litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991);

13. That under Fed. R. Civ. P. 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." Cosby v. Meadors, 351 F.3d 1324, 1333 (10th Cir. 2003);

14. That "dismissal represents an extreme sanction appropriate

only in cases of willful misconduct." <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 920 (10th Cir. 1992). "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance." <u>Id.</u> at 921. Since the plaintiff is appearing pro se, this court has "assess[ed] whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right to access to the courts because of a technical violation." <u>Id.</u> at 920 n.3; and

15. That upon consideration of the <u>Ehrenhaus</u> factors, this court finds that the only appropriate sanction under these facts pursuant to Fed. R. Civ. P. 37 is dismissal of this action with prejudice. Plaintiff has continued to fail to comply with the Federal Rules of Civil Procedure by not responding to defendant's written discovery requests in the forms of interrogatories, request for production of documents, and request for admissions, and the plaintiff failed to appear for her deposition on March 16, 2009. She has completely failed to prosecute her claims, which is prejudicial to defendant and interferes with the judicial process. Finally, plaintiff was placed on

5

notice through defendant's motion and Judge Arguello's Order to Show Cause that dismissal of this action would be a likely sanction for non-compliance.

### RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, it is **RECOMMENDED**:

1. That Defendant's Motion to Dismiss or for Other Sanctions or Discovery Orders Pursuant to F.R.Civ.P. [sic] 37(d)(docket no. 21) be **GRANTED** and this case be **DISMISSED WITH PREJUDICE** with costs be awarded to Defendant; and

2. That Defendant's Motion for Extension of Deadlines for Completion of Discovery and Dispositive Motions (Docket No. 26) thus be **DENIED AS MOOT.**

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir.**

**1996).**

Done this 20th day of April 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE